FILED & ENTERED

APR 12 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY evangeli  DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No: 2:12-bk-43888 ER |
| | Chapter: 7 |
| ELIZABETH R. HERNANDEZ, | |
| | MEMORANDUM OF DECISION GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362  FILED BY PNMAC MORTGAGE OPPORTUNITY FUND INVESTORS, LLC |
| Debtor. | |
| | Date:      March 18, 2013<br>Time:     10:00 a.m.<br>Place:    Courtroom 1568 |

On March 18, 2013, the Court held a continued hearing on the Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 ("Motion") filed by PNMAC Mortgage Opportunity Fund Investors, LLC ("Movant").  Appearances were as set forth on the record.  The sole issue at the hearing was whether Movant has standing to seek relief from stay based on its ability to enforce the promissory note.  The Court took this matter under submission  to consider the parties' arguments made at the hearing.  For the reasons set forth fully below, the Court grants the Motion.

Prior to the hearing, Movant submitted a Supplemental Declaration in Support of the Motion ("Supplemental Declaration") by a bankruptcy manager for Movant's agent.  The Supplemental Declaration states that "Movant has possession and control of the original Note with attached Allonges."  Supplemental Declaration at ¶ 7. Movant also attaches a copy of the Note with allonges to the Supplemental Declaration.  One of the

allonges ("Allonge") was not submitted with the Motion, and appears to be an endorsement in blank by CitiMortgage, Inc. ("Citimortgage").

At the hearing, Debtor, through his counsel, noted that the Allonge was signed by Citimortgage "[b]y and through its Attorney in Fact PNMAC Capital Management LLC" ("PNMAC Capital"), and that the signatory is Michael Whitfield "Attorney in Fact." Debtor argued, in part, that Movant submitted no power of attorney or other document evidencing PNMAC Capital's authority to sign on behalf of Citimortgage. Consequently, Debtor contends there still is no evidence that Movant is the real party in interest with the ability to enforce the Note.

Notwithstanding, on the same day that the Ninth Circuit Bankruptcy Appellate Panel ("BAP") filed Tikhonov v. The Bank of New York Mellon Trust Co. (In re Tikhonov), 2012 WL 6554742, a case cited by the Court in a previous tentative ruling on this Motion, the BAP also filed Marks v. Wells Fargo Bank (In re Marks), 2012 WL 6554705 (9th Cir. BAP). The Court previously cited Tikhonov for its language that "a creditor can establish that it is a 'party in interest' with standing to seek relief from stay by showing that it is a person entitled to enforce the note, or that it holds some ownership or other interest in the note amounting to a colorable claim," and continued the Motion to allow Movant to provide evidence of its ability to enforce the Note. Tikhonov, 2012 WL 6554742 at *8. However, the BAP in Marks recognized that their ruling in Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal), 450 B.R. 897, 910 (9th Cir. BAP 2011) that a movant has a colorable claim under § 362 when it either owns the note secured by estate property or is a "'person entitled to enforce such a note under applicable state law,'" was inapplicable in California. Specifically, in Marks, the BAP provided that:

> *Veal* recognized that states within the Ninth Circuit, including California, have enacted nonjudicial foreclosure statutes that may have changed the common law rule. *Id*. at 916-17 & n. 34. *Veal* further recognized that 'the minimum requirements for the initiation of foreclosures under applicable nonbankruptcy law will shape the boundaries of real party interest status under Civil Rule 17 with respect to relief from stay matter. As a consequence, the result in a given case may often depend upon the situs of the real property in question.
> California nonjudicial foreclosure statutes are governed by CAL.CIV.CODE ("CCC") §§ 2924 through 2924k, which do not require that the note be in the possession of the party initiating foreclosure.
> . . . Hence to the extent [debtor] contends [movant] had to show that it held the Note, or an interest in the Note, or produce the actual Note to establish its standing to prosecute the [motion for relief from stay], [debtor] is incorrect. Given that [Movant] could commence foreclosure of the Property without the Note, it certainly would not need to possess or show any interest in the Note in the lesser action of establishing a colorable claim entitling it to relief from stay.

Marks, 2012 WL 6554705 *8 (citations omitted).

In <u>Marks</u>, the BAP confirmed that movant demonstrated its colorable claim under § 362 by attaching a copy of the note, deed of trust and assignment of the deed of trust to movant. <u>Id</u>. "As the beneficiary under the [deed of trust], [movant] may commence the foreclosure process against the Property. Accordingly, these foreclosure rights give [movant] a colorable claim in the Property, and therefore it had standing to prosecute the [motion for relief from stay]." <u>Id</u>. at 9 (citations omitted).

At the time the Court cited the BAP's decision in Tikhonov, it was unaware of the <u>Marks</u> decision. It is difficult to harmonize these two, seemingly inconsistent decisions, the Court, however, shall follow <u>Marks</u> because it sets forth a more accurate interpretation of <u>Veal</u>. Consequently, since Movant, as in <u>Marks</u>, has attached a copy of the Note, Deed of Trust and Assignment of Deed of Trust as Exhibits 1, 2 and 3 to the Motion, the Court finds that Movant has a colorable claim, and therefore, has standing to seek relief from stay.

The Court, therefore, adopts its tentative ruling issued for the March 18th hearing to the extent it grants the Motion pursuant to 11 U.S.C. § 362(d)(4), but strikes that portion of the tentative which discusses Movant's real party in interest status based on the foregoing discussion. Pursuant to Movant's request at the hearing, the Court also grants item #5 on the Extraordinary Relief Attachment to the Motion. The Court shall prepare an order consistent with this memorandum of decision.

###

Date: April 12, 2013

_Ernest M. Robles_
Ernest M. Robles
United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) MEMORANDUM OF DECISION GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 FILED BY PNMAC MORTGAGE OPPORTUNITY FUND INVESTORS, LLC entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of April 10, 2013, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

Robert A Bonito    bonitolaw@aol.com

Brad D Krasnoff (TR)    mcdaniel@lbbslaw.com, bkrasnoff@ecf.epiqsystems.com

John D Schlotter    ecfmail@aclawllp.com

Timothy J Silverman    tim@sgsslaw.com

United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below: